# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

RICHARD L. HORNBERGER,

   Plaintiff,

v.

COMMISSIONER CLUSTER,
COMMISSIONER JASPER CLAY,
CHAIRMAN DAVID BLOOMBERG,
COMMISSIONER WAYNE HILL,

   Defendants.

Civil Action No.: PWG-20-786

## MEMORANDUM OPINION

Pending in the above-captioned case are Plaintiff's Motions to Appoint Counsel (ECF No. 12), for Judgment on the Pleadings (ECF No. 16), and for Extension of Time to respond to Defendants' Answer (ECF No. 17). Defendants have construed this action as one filed pursuant to 28 U.S.C. § 2254 and do not address Plaintiff's claim for damages. ECF No. 15.

Plaintiff's Motion to Appoint Counsel (ECF No. 12) cites his indigency in support of his request. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). There is no absolute right to appointment of counsel. *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel). Exceptional circumstances include a litigant who "is barely able to read or write,"

*Whisenant*, 739 F.2d at 162, or clearly "has a colorable claim but lacks the capacity to present it," *Berry v. Gutierrez*, 587 F. Supp. 2d 717, 723 (E.D. Va. 2008).  Upon careful consideration of the motions and previous filings by Plaintiff, the Court finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so.  No exceptional circumstances exist that warrant the appointment of an attorney to represent Plaintiff under § 1915(e)(1).[1]  The Motion for Appointment of Counsel is therefore denied.  Should this case proceed to the point where it appears that it is appropriate to appoint counsel, I will consider doing so at that time, but at present the request is not warranted.

In his Motion for Judgment on the Pleadings, Plaintiff states that Defendants have not addressed the allegations in his complaint despite having sought and been granted an extension of time. ECF No. 16.  He argues that since Defendants do not dispute the allegations in his complaint regarding the legality of their actions when he was taken into custody on a parole violation retake warrant, this Court should find that they illegally added time to the maximum expiration date of his sentence and infringed on his State-created liberty interest.  *Id.*  Defendants have answered Plaintiff's complaint and assert that it is subject to dismissal because Plaintiff did not exhaust State remedies prior to bringing what amounts to a Petition for Writ of Habeas Corpus.  ECF No. 15. Defendants did not address Plaintiff's claim for monetary damages; however, if the portion of Plaintiff's claim that is in essence a request for a writ of habeas corpus is subject to dismissal, then it stands to reason he is not entitled to monetary damages.  The motion for judgment on the pleadings shall be denied.

---

[1] To the extent Plaintiff's action has been construed by Defendants as a Petition for Writ of Habeas Corpus, *see* ECF No. 15, the Motion to Appoint Counsel fares no better.  There is no Sixth Amendment right to counsel to pursue a petition for collateral relief.  *See Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987).  A court may provide counsel for an indigent inmate pursuing a petition for habeas corpus when "the court determines that the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).  Rule 8(c) of the Rules Governing § 2254 Cases provides that a court must appoint counsel "[i]f an evidentiary hearing is warranted."  The Court finds that no hearing is warranted in this case.

Plaintiff has also filed a Motion for Extension of Time to address Defendants' Answer. ECF No. 17. Plaintiff filed his response to the Answer on October 7, 2020, *see* ECF No. 18, therefore his Motion for Extension of Time shall be denied as moot. In his Response, Plaintiff disputes that this action is anything other than a civil rights complaint filed pursuant to 42 U.S.C. § 1983 and is not a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *Id*. at 2. As such, Plaintiff asserts he was not required to file an action in State court prior to initiating this action in this Court. *Id*. He argues that exhaustion of state administrative remedies is not a prerequisite to bringing a § 1983 complaint when it includes an appeal to a State court. *Id*.

While this Court acknowledges that Plaintiff filed a "complaint" as he asserts, his request for relief includes a request for an order requiring his immediate release as well as a request for monetary damages in the amount of two-million dollars "for being illegally incarcerated." ECF No. 6 at 7. Further, Plaintiff's entire claim centers on the alleged "illegal increase" to the maximum expiration date of this sentence that resulted from the parole revocation proceedings and his contention that State laws and regulations were violated in the process, denying him his Sixth and Fourteenth Amendment rights. Thus, the pleading has aspects of both a Petition for Writ of Habeas Corpus challenging the legality of Plaintiff's confinement and a § 1983 complaint for monetary damages.

This Court is authorized to screen prisoner complaints and dismiss them if at any time it appears that the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(ii). Upon review of the instant complaint, whether construed as a Petition for a Writ of Habeas Corpus under § 2254 of a cause of action pursuant to § 1983, the Plaintiff has failed to state a claim upon which relief may be granted. Either interpretation of the

complaint requires Mr. Hornberger to identify a violation of his constitutional rights[2] and, for the reasons set forth below, such a claim rests on a misapprehension of state law, the implication of which is that no viable federal constitutional claim exists. Accordingly, the complaint shall be dismissed.

While the Court analyzes this case on the merits,[3] the State argues Plaintiff has failed to exhaust his claims in state court, as is required prior to a state prisoner filing a federal habeas claim. 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the court of the state."); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims."). Plaintiff has not addressed the exhaustion requirement, and I find he has not met it, but nonetheless will consider whether he has stated a constitutional violation, as I must for any § 1983 claim. .

**I.     Plaintiff's Allegations**

Plaintiff states that on February 14, 2019, he was "apprehended for an offense while on mandatory parole release for a 2017 adjudicated offense and conviction." ECF No. 6 at 3. He was

---

[2]     The text of 28 U.S.C. 2254(a), which governs habeas petitions of state prisoners filing in federal court, grants district courts discretion to entertain habeas petitions "in behalf of a person in custody pursuant to the judgment of a state court **only on the ground that he is in custody in violation of the Constitution** or laws or treaties of the United States." (emphasis added). Similarly, 42 U.S.C. § 1983 requires deprivation of a federally guaranteed right, such as those guaranteed under the federal constitution, for a claim to be viable. "Section 1983 provides a cause of action against any person who deprives an individual of federal guaranteed rights 'under color' of state law. Anyone whose conduct is 'fairly attributable to the State" can be sued as a state actor under § 1983." *Filarsky v. Delia*, 556 U.S. 377, at 383 (2012) (internal citations omitted).

[3]     The Fourth Circuit has a strong policy preference for deciding cases on their merits. *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 420 (D. Md. 2005).

held as a pre-trial detainee at the Baltimore County Detention Center ("BCDC") pursuant to that arrest. *Id*. at 4. Parole Commissioner Jasper Clay "filed and had issued a violation of parole retake warrant ordering [Plaintiff's] return to the Maryland Department of Public Safety and Correctional Services." *Id*.

On February 27, 2019, Plaintiff was transported from BCDC to the Division of Correction ("DOC") on the basis of the retake warrant. ECF No. 6 at 4. Plaintiff maintains that this transfer was illegal and tantamount to kidnapping and false imprisonment. *Id*. Nevertheless, the DOC "accepted and processed" Plaintiff into its system and he was told it was due to the retake warrant which Plaintiff maintains was also illegally issued. *Id*.

Plaintiff explains that the Code of Maryland Regulations ("COMAR") 12.08.01.22D(3) "mandates in pertinent part, 'If a mandatory releasee is already incarcerated on other charges the warrant *shall* be filed as a detainer.'" ECF No. 6 at 4 (emphasis in original). He states that the "improper warrant" issued by Commissioner Clay was the "catalyst leading to and cause of Plaintiff's illegal transfer and illegal custody in the DOC while still a pre-trial detainee." *Id*. at 4-5.

Plaintiff adds that the Parole Commission's jurisdictional authority over his 2017 offense expired on May 6, 2019, the maximum expiration date of the sentence from which he earned a mandatory release. ECF No. 6 at 5. Based on that assertion, Plaintiff claims that the DOC identification number under which he was previously incarcerated should not have been "carried over beyond that May 6, 2019 date or be included and/or used in the separate 2019 offense adjudication which took place 9 days *after* the maximum sentence expiration." *Id*. (emphasis in original). He states he was prejudiced by the "illegal alteration and extension of his sentence

5

release date of the 2017 offense which was increased by over 2 years denying him due process and directly having a negative impact upon his liberty interest." *Id*.

Plaintiff's 2019 offense was "adjudicated May 15, 2019 as guilty." ECF No. 6 at 5. His violation of probation hearing was scheduled after that date and was conducted by Commissioner Cluster. *Id*. He states that the timing of the revocation hearing violated COMAR 12.08.01.22F(2)(a) which requires that "'A parole revocation hearing *shall* be held within 60 days after apprehension of the parolee.'" *Id*. (emphasis in original). Plaintiff's parole revocation hearing took place 105 days after his February 14, 2019 apprehension for the 2019 offense. *Id*. Plaintiff alleges that Commissioner Cluster used the revocation hearing to "exercise non-existent authority to alter and increase Plaintiff's sentence completion illegally." *Id*.

Plaintiff claims he was not given notice that the Parole Commission intended to increase the maximum expiration date of his sentence by two years and by doing so they breached the contractual agreement as it "did not contain a delineating clause outlining any provisional circumstances which would subject the contractual agreement to alteration and/or change." ECF No. 6 at 6. He states that the May 6, 2019 expiration date was changed to June 28, 2021. *Id*. In Plaintiff's view, he had a State-created liberty interest by virtue of Maryland statutes that authorized his release on mandatory supervision. *Id*.

Plaintiff's 2019 offense resulted in a three-year sentence to the DOC, but on appeal the sentence was reduced to 18 months. ECF No. 6 at 6. He states that "by the state's created liberty interest standards and application of diminution credits" he is required "to serve only 15 of the 18 months creating an expected maximum sentence expiration of August 14, 2020 to complete his obligation of the separate 2019 offense." *Id*. He claims that had Defendants Clay, Cluster and

Bloomberg not acted to revoke his parole, he would be "free of all obligations to the State of Maryland and his adjudicated sentences." *Id*.

## II. Mandatory Supervision – Maryland law

An inmate serving a term of confinement of more than 18 months may be released on mandatory supervision when he or she has served the term less diminution credits. Md. Code Ann., Corr. Ser. § 7-501. While on mandatory supervision release, the parolee remains in the legal custody of the DPSCS until the expiration of the term. Md. Code Ann., Corr. Ser. § 7-502(a). "If an inmate is convicted and sentenced to imprisonment for a crime committed while on mandatory supervision and the mandatory supervision is revoked, diminution credits that were awarded before the inmate's release on mandatory supervision may not be applied toward the inmate's term of confinement on return to the Division [of Correction]." *Id*. at § 7-502(c).

Prisoners released on mandatory release are released "as if on parole" and are "bound by the rules and conditions of parole until the legal expiration date of their sentence." COMAR 12.08.01.13. "A violation of any rules and conditions of parole shall subject the releasee to parole revocation procedures." *Id*. "If a parolee or mandatory releasee has been arrested, or is awaiting indictment or is awaiting trial, or is serving a sentence, concurrent or consecutive, for a crime committed while on parole, he shall be termed a 'violator.'" COMAR 12.08.01.22.A(4).

The operative time frame for determination of whether a mandatory releasee has violated the conditions of his release is whether the violation occurred prior to the maximum expiration date of the sentence. Here, Plaintiff admits he was arrested for an offense that occurred prior to the original expiration date of the sentence from which he was released. ECF No. 6 at 3, ¶ 2. While Plaintiff is correct that a parole revocation hearing is to be held within 60 days after apprehension, an exception is made to that rule where, as was the case for Plaintiff, "the parole

violation warrant is not the sole document under which the parolee is detained or incarcerated." COMAR 12.08.01.22.F(2)(a). Further, "[i]f a parolee or mandatory supervisee is allowed partial or no time credit, the unallowed time spent under parole supervision shall be added to the maximum expiration date of the original term of confinement." COMAR 12.08.01.22F(7)(h). Plaintiff's assertion that the change to the maximum expiration date of his 2017 sentence was illegal under State law is without merit.

## III.    Constitutional Claims

Plaintiff bases his claim that his due process rights were violated on his misunderstanding of State law. In order to be entitled to the protections afforded by the Due Process Clause, a person must have a constitutionally protected life, liberty, or property interest at stake. The Supreme Court recognized that a liberty interest exists in the context of parole revocation in *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). At a revocation hearing, a parolee is entitled to written notice of claimed violations of parole; disclosure of evidence against him; an opportunity to be heard in person and to present witnesses and documentary evidence; the right to confront and cross-examine adverse witnesses; the right to have a neutral and detached hearing body consider revocation; and a written statement by fact-finders as to evidence relied on and the reasons for revoking parole. *Id*. at 489. Although minimum procedural rights were delineated, the Supreme Court recognized that a parole revocation hearing should remain informal to permit receipt of evidence not ordinarily admissible in a criminal trial. *Id*. at 489. In addition, the revocation hearing must be "structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior." *Id*. at 484.

As noted, Plaintiff committed a new offense while under mandatory supervision. While he takes issue with not being notified of the intricacies involved if his mandatory supervision was revoked, the due process clause does not require such a notification. Plaintiff does not raise any claims concerning the guarantees outlined in *Morrissey*; rather, he simply relies on the timing of his revocation hearing and his transfer from BCDC to a DOC facility prior to adjudication on his new offense. None of the elements of the revocation hearing Plaintiff complains about are guarantees required by the Fourteenth Amendment.

Less clear are the claims Plaintiff raises regarding the Sixth Amendment. He appears to claim that the Sixth Amendment's guarantee of a public trial was violated when he was transferred from BCDC to a DOC facility while he was still a pre-trial detainee on a separate, new charge. ECF No. 18 at 3. He does not, however, describe how that transfer impacted that right. He additionally relies on the failure to provide him with a revocation hearing within 60 days and notes that his mandatory supervision was revoked after his conviction on new charges. As already noted, Maryland law does not require a revocation hearing within 60 days when the retake warrant is not the sole basis for confinement. Here, Plaintiff was incarcerated on new criminal charges in addition to the retake warrant. The timing of the revocation hearing did not violate federal constitutional law, nor did it violate the requirements of Maryland law.

The complaint fails to state a claim upon which relief may be granted because if fails to allege a violation of federal law, a prerequisite for a § 1983 claim or a § 2254 petition. By separate Order that follows, it shall be dismissed.

January 29, 2021  /S/
Date  Paul W. Grimm
  United States District Judge